# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| DAVID L. BANKS, | * | |
| Claimant, | * | |
| v. | * | CASE NO. 5:07-CV-168 (HL) |
| | * | Social Security Appeal |
| MICHAEL J. ASTRUE, | | |
| Commissioner of Social Security, | * | |
| Respondent. | * | |

## REPORT AND RECOMMENDATION

The Social Security Commissioner, by adoption of the Administrative Law Judge's determination, denied Claimant's application for social security disability benefits, finding that he was not disabled within the meaning of the Social Security Act and Regulations. Claimant contends that the Commissioner's decision was in error, and he seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996 (11th Cir. 1987). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971). The court's role in reviewing claims brought under the Social

Security Act is a narrow one. The court may not decide facts, reweigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d at 1239. However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.* The initial burden of establishing disability is on the claimant. *Kirkland v. Weinberger*, 480 F.2d 46 (5th Cir. 1973). The claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078 (5th Cir. 1981).

A claimant seeking Social Security disability benefits must demonstrate that he suffers from an impairment that prevents him from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. § 404.1 et seq.

Under the regulations, the Commissioner determines if a claimant is disabled by a

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986). See also *Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

2

five-step procedure. 20 C.F.R. § 404.1520, Appendix 1, Part 404. First, the Commissioner determines whether the claimant is working. Second, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. Next, the Commissioner determines whether the claimant's impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the regulations. Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work. Finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effect of all the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984). The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

## ISSUES

I. **Whether the ALJ failed to properly evaluate the opinions of Claimant's treating physician?**

II. **Whether the ALJ failed properly evaluate the Claimant's subjective allegations of pain?**

III. **Whether the ALJ erred in finding that there were significant numbers of jobs that Claimant could perform?**

## Administrative Proceedings

Claimant filed an application for Supplemental Security Income payments on January 18, 2005. (R-13, p. 1). Claimant's application was denied on initially and on reconsideration. *Id.* Claimant then filed a request for a hearing, which was held on August 3, 2006. *Id.* Subsequent to the hearing, the ALJ found that the Claimant was not disabled in a decision dated October 27, 2006. *Id.* Claimant then requested a review of the ALJ's findings by the Appeals Council. Thereafter, the Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. (T-4-7).

## Statement of Facts and Evidence

Claimant alleges that he is disabled due to sickle cell disease and degenerative disc disease of the lumbar spine. (R-13, p. 2). After examining the medical records, the ALJ determined that Claimant's impairments were severe within the meaning of the Regulations but not severe enough to meet, or medically equal, one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. (T-16-17). Thereafter, the ALJ found that Claimant had the residual functional capacity to perform sedentary work and that Claimant would be unable to return to his past relevant work as he had none. (T- 19-20). The ALJ found, however, that there were a significant number of jobs that Claimant could perform in the national economy, thus determining that Claimant was not disabled.

## DISCUSSION

**I.     Did the ALJ fail to properly evaluate the opinions of Claimant's treating physician?**

Claimant first contends that the ALJ erred in discounting the opinion of Dr. Blake, one of his treating physicians. (R-13, p. 3). Specifically, Claimant argues that the ALJ committed reversible error when she failed to accept Dr. Blake's opinion that Claimant would be absent from work more than four times per month due to sickle cell pain crises he experienced. *Id.* Claimant contends that the ALJ substituted her own medical judgment in failing to find that the exacerbations of his sickle cell disease would require that Claimant miss work, resulting "in an incomplete and ultimately defective RFC." *Id.*

It is well settled that the opinion of a treating physician is entitled to substantial weight unless good cause exists for not heeding it. *Broughton v. Heckler*, 776 F.2d 960, 961-62 (11th Cir. 1985). A treating physician's report may be discounted when it is not accompanied by objective medical evidence or when it is conclusory. *Schnorr v. Bowen*, 816 F.2d 578, 582 (11th Cir. 1987). The ALJ can also reject the opinion of any physician when the evidence supports a contrary conclusion or when it is contrary to other statements or reports of the physician. *Edwards v. Sullivan*, 937 F.2d 580, 583-84 (11th Cir. 1991). *See also Wilson v. Heckler*, 734 F.2d 513, 518 (11th Cir. 1984).

To give a medical opinion controlling weight the ALJ "must find that the treating sources's opinion is 'well supported' by 'medically acceptable' clinical and diagnostic

techniques. The adjudicator cannot decide a case in reliance on a medical opinion without some reasonable support for the opinion." S.S.R. 96-2p. Additionally, the ALJ must find that the treating source's opinion is "not inconsistent" with the other "substantial evidence" of record. *Id*.

The ALJ must weigh conflicting medical evidence and decide which opinions are entitled to the greatest weight. Social Security regulations confirm that the ALJ has discretion to weigh conflicting medical opinions. *See* 20 C.F.R. §§ 404.1527, 416.927. The law of this circuit is clear that the testimony of a treating physician must be given substantial or considerable weight unless "good cause" is shown to the contrary. The ALJ must clearly articulate the reasons for giving less weight to the opinion of a treating physician, and the failure to do so is reversible error. "Good cause" is found to exist when the doctor's opinion was not bolstered by the evidence, or where the evidence supported a contrary finding. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (omitting internal citations).

It is found that the ALJ clearly articulated her reasons for giving less weight to the opinion of Dr. Blake and that her reasons constitute good cause. The ALJ based the decision on the evidence of record, including Claimant's treating sources, medical records in evidence, the assessments and evaluations of state agency consultants, as well as the claims of pain and limitations as subjectively alleged by the Claimant which, based on the medical evidence, the ALJ found only partially credible. (T-19). Specifically, Claimant acknowledged that he had experienced sickle cell crises as a child, but that he had not had one in years. (T-111-113). He further noted that he did have attacks once or twice a month,

6

but that they were controlled with medication. *Id.* Upon review of the entire record, the Commissioner appears to have committed no error in applying the proper legal standard in discounting the opinion of Dr. Blake, and substantial evidence supports her decision. Claimant's treatment notes do not reflect the severity Claimant contends Dr. Blake alleges in his residual functional capacity assessment, of which there is a question as to whether Dr. Blake is even the author. Furthermore, the other medical evidence, specifically treatment notes from the Medical College of Georgia clinics where Claimant received treatment for his sickle cell disease, seems to contradict said findings. As such, no error is found in the ALJ's decision to discount the opinion of Dr. Blake regarding the amount of time Claimant would be absent from work.

**II.   Did the ALJ fail properly evaluate the Claimant's subjective allegations of pain?**

Claimant next contends that the ALJ failed to comply with SSR 96-7p in evaluating Claimant's subjective allegations of pain. (R-13, p. 4). Social Security Regulation 96-7p states in relevant part, that:

> In determining the credibility of the individual's statements, the adjudicator must consider the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record. An individual's statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence.

7

Additionally, 20 C.F.R. § 416.929(a), in relevant part, states that:

> Statements about your pain or other symptoms will not alone establish that you are disabled; there must be medical signs and laboratory findings which show that you have a medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all of the other evidence (including statements about the intensity and persistence of your pain or other symptoms which may reasonably be accepted as consistent with the medical signs and laboratory findings), would lead to a conclusion that you are disabled.

The Eleventh Circuit has held that in order for a claimant's subjectively alleged pain to be deemed credible by the ALJ, he must *first* show "evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such severity that it can reasonably be expected to give rise to the alleged pain." *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991).

The Eleventh Circuit has also held that:

> [W]here proof of a disability is based upon subjective evidence and a credibility determination is, therefore, a critical factor in the Secretary's decision, the ALJ must either explicitly discredit such testimony or the implication must be so clear as to a specific credibility finding. . . . Although this circuit does not require an explicit finding as to credibility, . . . the implication must be obvious to the reviewing court.

*Foote v. Chater*, 67 F. 3d 1553, 1562 (11th Cir. 1995), *quoting Tieniber v. Heckler*, 720 F.2d 1251, 1255 (11th Cir. 1983).

In her Findings, the ALJ discussed Claimant's medical history and cited to medical

8

evidence regarding the Claimant's allegations of the severity of his pain. The ALJ then referenced the pain standard. (T-18). The ALJ acknowledged the requirements and procedures she must follow in assessing Claimant's residual functional capacity, making specific reference to 20 C.F.R. § 416.929 and Social Security Ruling 96-7p. (T-18).

A review of the record reveals that the ALJ considered Claimant's testimony, medical evidence provided by the Claimant, and his functional restrictions to find that Claimant's allegations of pain were less than credible, and that the medical evidence of record did not support the severity alleged. (R-19).

In evaluating credibility, "[b]ased on a consideration of all of the evidence in the case record, the adjudicator may find all, only some, or none of an individual's allegations to be credible." S.S.R. 96-7p. A limitation cannot be established solely by a claimant's own report. *See* 20 C.F.R. § 416.928(a). The record must contain medical evidence, in the form of observable abnormalities or laboratory findings, that "shows the existence of a medical impairment(s) . . . which could reasonably be expected to produce" the alleged limitation. *Id.* Applying the *Holt* test to this Claimant's pain allegations, the Court finds that the Claimant failed to overcome the Findings of the ALJ by establishing either that the medical evidence confirmed the severity of his pain or that his medical condition was so severe as to reflect the alleged pain. As noted above, the court may not decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner, but must decide if the Commissioner applied the proper standards in reaching a decision. Here, the ALJ applied the proper standards and supported her credibility assessment with substantial evidence in

9

the record. As such, no error is found in the ALJ's evaluation of Claimant's subjective allegations of pain.

## III. Did the ALJ err in finding that there were significant numbers of jobs that Claimant could perform?

Lastly, Claimant contends that the ALJ erred in determining that there are significant numbers of jobs that he could perform based on the Medical-Vocational Rules (GRIDS) and the testimony of the Vocational Expert, which was based on the ALJ's hypotheticals. (R-13, p. 5). In support of his contention, Claimant contends that some of the specific job titles listed by the VE, specifically document preparer and taper of printed circuits, had "fundamentally insignificant numbers of jobs" in the state of Georgia, where there were only 400 and 625 jobs available in those categories, respectively. Claimant did note, however, that the job of charge account clerk, also listed by the VE as a job a person with this Claimant's limitations could perform, does have a significant number of jobs available in Georgia. (R-13, p. 5).

The Code of Federal Regulations § 416.966, which pertains to how the Commissioner determines whether work exists in the national economy for a specific claimant, reads:

> (a) General. We consider that work exists in the national economy when it exists in significant numbers **either in the region where you live or in several other regions of the country**. It does not matter whether--
> **(1) Work exists in the immediate area in which you live;**
> **(2) A specific job vacancy exists for you; or**
> **(3) You would be hired if you applied for work**.
> (b) How we determine the existence of work. Work exists in the

10

national economy when there is a significant number of jobs **(in one or more occupations)** having requirements which you are able to meet with your physical or mental abilities and vocational qualifications. Isolated jobs that exist only in very limited numbers in relatively few locations outside of the region where you live are not considered work which exists in the national economy. We will not deny you disability benefits on the basis of the existence of these kinds of jobs. If work that you can do does not exist in the national economy, we will determine that you are disabled. However, if work that you can do does exist in the national economy, we will determine that you are not disabled.

(c) Inability to obtain work. We will determine that you are not disabled if your residual functional capacity and vocational abilities make it possible for you to do work which exists in the national economy, but you remain unemployed because of--

(1) Your inability to get work;
(2) **Lack of work in your local area**;
(3) The hiring practices of employers;
(4) Technological changes in the industry in which you have worked;
(5) Cyclical economic conditions;
(6) **No job openings for you**;
(7) You would not actually be hired to do work you could otherwise do, or;
(8) You do not wish to do a particular type of work.

. . .

(e) Use of vocational experts and other specialists. If the issue in determining whether you are disabled is whether your work skills can be used in other work and the specific occupations in which they can be used, or there is a similarly complex issue, we may use the services of a vocational expert or other specialist. We will decide whether to use a vocational expert or other specialist. (Emphasis added).

After a thorough review, it is found that the Commissioner has satisfied his burden of establishing that there is work which exists in significant numbers in this economy which Claimant could perform. *See* 42 U.S.C. § 405(g); *See also Allen v. Bowen*, 816 F.2d 600, 602

(11th Cir. 1987). As such, no error is found in the ALJ's determination that there are significant numbers of jobs that this Claimant could perform.

## CONCLUSION

In reviewing the record, no evidence of error is found to substantiate the Claimant's contentions that the ALJ committed reversible error in this case. This Court further finds that the ALJ properly evaluated the evidence of record and finds further that the decision of the ALJ is supported by substantial evidence. Furthermore, the record fails to reveal evidence of the ALJ acting outside of her judicial role in determining the extent of the Claimant's disability.

**WHEREFORE**, it is the recommendation to the United States District Judge that the decision of the defendant Commissioner of Social Security be **AFFIRMED**. Pursuant to 28 U.S.C. § 636(b)(1), Claimant may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within ten (10) days after being served a copy of this recommendation.

THIS the 8th day of February, 2008.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

eSw